IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-00206-RM-MEH

OTTER PRODUCTS, LLC, and
TREEFROG DEVELOPMENTS, INC.,

    Plaintiffs,

v.

PHONE REHAB, LLC,
MOSHE ATON,
ALEX DEEB, and
JOHN DOES 1-10, individually or as corporate/business entities,

    Defendants.

___

**ORDER**
___

This matter is before the Court on the September 27, 2019, Recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 62) to deny Defendants' Motion to Dismiss Amended Complaint (ECF No. 37) for lack of personal jurisdiction and for failure to state a claim. Defendants have filed an objection to the recommendation (ECF No. 63), and Plaintiffs have filed a response to the objection (ECF No. 64). For the reasons below, the Court overrules the objection, accepts and adopts the recommendation, and denies the motion to dismiss. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Fed. R. Civ. P. 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. To defeat such a motion by establishing specific personal jurisdiction, a plaintiff must first show that the defendant has "minimum contacts" with the forum state. *Intercont'l Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). The "minimum contacts" standard is met if the defendant has purposefully directed its activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Id.* If the defendant has sufficient "minimum contacts" with the forum, the Court then considers whether exercising jurisdiction is consistent with traditional notions of fair play and substantial justice. *Id.* A five-factor test is used to determine whether the exercise of jurisdiction is reasonable. *Id.* at 1249.

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*,

613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (quotation omitted).

## II. BACKGROUND

Plaintiffs manufacture, market, and sell phone cases and other products under brands that are protected by registered trademarks. Plaintiffs distribute their products through their website and through a network of authorized sellers. (ECF No. 34, Am. Compl. at ¶ 21.) Defendants, who are not authorized sellers, operate a storefront on the Amazon website known as "Amazing Gadgets SFL." (*Id.* at ¶ 3.) Defendant Phone Rehab, LLC buys Plaintiffs' products from wholesalers and distributors and resells them online. Defendants Moshe Aton and Alex Deeb are the principals of Defendant Phone Rehab.

In November 2018, Plaintiffs sent Defendants two cease-and-desist letters, demanding that they stop selling Plaintiffs' products. Defendants did not respond, prompting Plaintiff to file this lawsuit. Plaintiffs complaint asserts seven claims for relief based on trademark law and other causes of action. Plaintiffs allege, generally, that Defendants unauthorized sales of their products harm their brands because the products Defendants sell are not subject to Plaintiffs' quality control requirements, are not covered by Plaintiffs' warranty, and have prompted negative online reviews by customers. (ECF No. 43 at 2-7.) Defendants concede that Defendant Phone Rehab resells Plaintiffs products on Amazon; they contend that such conduct is not actionable under trademark law or otherwise. (ECF No. 37 at 1-2.)

Defendants moved to dismiss the complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF

No. 37.) The motion was referred to the magistrate judge. After the motion was fully briefed, the magistrate judge held a hearing. The magistrate judge found that Defendants made 267 sales of Plaintiffs' products in Colorado in a one-year period. The magistrate judge then issued a report and recommendation to deny Defendants' motion.

The magistrate judge first concluded that the Court had specific personal jurisdiction over Defendants because they had sufficient "minimum contacts" with Colorado. The magistrate judge found that Defendants purposely directed their activities at Colorado residents through the online sales identified above. The magistrate judge further found that Plaintiffs' alleged injuries arose out of those activities and that because Defendants received cease-and-desist letters from Plaintiff, Defendants were aware their conduct was harming Plaintiffs in Colorado. Moreover, after balancing the relevant factors to determine whether exercising jurisdiction offend traditional notions of fair play and substantial justice, the magistrate judge found that Defendants had failed to present compelling reasons why requiring them to defend the case in Colorado would render jurisdiction unreasonable.

The magistrate judge also rejected Defendants' arguments that Plaintiffs failed to state a claim with respect to each of the seven causes of action asserted.

### III. ANALYSIS

Defendants argue that the magistrate judge erred by failing to "make specific findings regarding each Defendant's contacts with Colorado" and that no evidence shows Defendants Aton and Deeb have sold Plaintiffs' products in Colorado. (ECF No. 63 at 2.) Defendants apparently concede that there is jurisdiction over Defendant Rehab Phone, arguing that "since two of the three defendants are not subject to personal jurisdiction in Colorado, dismissal is

appropriate." (*Id.* at 4.) Defendants also argue that the magistrate judge failed to analyze their argument that Colorado is not the proper venue for this case. (*Id.* at 5.)

In response, Plaintiffs' first argue that neither of Defendants' arguments was raised before the magistrate judge, and both are therefore waived. Plaintiffs also argue that Defendants' arguments fail on the merits.

Defendants do not object to any other findings or determinations in the recommendation. The Court discerns no clear error on the face of the record with respect to the portions of the recommendation that Defendants have not objected to, and the Court agrees with the magistrate judge's determination that Plaintiffs do not fail to state a claim on any cause of action in the complaint for the reasons set forth in the recommendation.

A. **Waiver**

"In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Defendants concede that Defendants Aton and Deeb are the principals of Defendant Phone Rehab (ECF No. 37 at 2 n.1), and nowhere in their motion to dismiss or in their reply in support of their motion do Defendants argue that Defendants Aton and Deeb are separate or distinct from Defendant Phone Rehab for the purpose of establishing personal jurisdiction. Rather, in their motion to dismiss, Defendants argue that "mere operation of an interactive online storefront is not sufficient to establish jurisdiction" (*id.* at 8). Further, all the arguments in their pleadings refer to "Defendants," collectively, and Defendants make no argument or suggestion that determining whether there is personal jurisdiction over Defendants Aton and Deeb requires a different analysis. Nor have they shown that they raised this argument at the hearing before the

magistrate judge. Accordingly, Defendants have waived the primary argument raised in their objection to the magistrate judge's recommendation.

Defendants have also waived their argument with respect to improper venue. As Plaintiffs correctly point out, Defendants never moved to dismiss the complaint for improper venue.

**B.     Merits**

Even if Defendants' arguments were not waived, the Court finds that they lack merit. There is no dispute that Defendants, collectively, operated the "Amazing Gadgets SFL" storefront and sold Plaintiffs' products in Colorado. Defendants' belated attempt to differentiate Defendants Aton and Deeb from Defendant Phone Rehab lacks legal support.

First, Defendants' reliance on *BASF Corporation v. Willowood, LLC*, 359 F. Supp. 3d 1018 (D. Colo. 2019), is misplaced. There, the court ruled that certain allegations in the complaint could not have applied specifically to a limited liability company that was incorporated and had its principal place of business in Hong Kong. *Id.* at 1028. That case is not analogous to the situation here, where Defendants jointly operated the "Amazing Gadgets SFL" storefront and the substantive allegations in the complaint apply to each of them.

Second, Defendants also rely on *Home-Stake Production Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1020 (10th Cir. 1990), for the proposition that "[m]inimum contacts must be found as to each defendant over whom the court exercises jurisdiction." But Defendants have not shown that this principle is offended here. The opinion goes on to state that "[w]hen one defendant completely controls another, the latter's contacts with the forum may fairly be imputed or attributed to the former." *Id.* Defendants Aton and Deeb, both principals of Defendant Phone

6

Rehab, have set forth no basis for finding that the contacts of Defendant Phone Rehab with the state of Colorado cannot be imputed to them.

These are the only authorities cited in the argument section of Defendants' objection. The Court concludes the magistrate judge correctly determined that Defendants Aton and Deeb are subject to specific personal jurisdiction in this Court.

Finally, the Court is not persuaded by Defendants' cursory argument that "the Southern District of Florida is the most convenient venue for this litigation." (ECF No. 63 at 5.) In balancing the relevant factors to determine whether exercising jurisdiction would offend traditional notions of fair play and substantial justice, the magistrate judge found that Defendant failed to present compelling reasons why requiring them to defend the case in Colorado would render jurisdiction unreasonable. For the reasons stated in the recommendation, which Defendants have not challenged in any meaningful way, the Court finds that Defendants have not shown that venue in this Court improper.

## IV. CONCLUSION

Accordingly, the Court OVERRULES the objection (ECF No. 63), ACCEPTS and ADOPTS the recommendation (ECF No. 62), and DENIES the motion to dismiss (ECF No. 37).

DATED this 18th day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge